Filed 12/18/13  P. v. Soliz CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID JOSEPH SOLIZ, JR.,<br><br>    Defendant and Appellant. | H038969<br>(Monterey County<br> Super. Ct. No. SS120611) |

Defendant David Joseph Soliz, Jr. appeals from a judgment of conviction entered after he pleaded no contest to willful child endangerment (Pen. Code, § 273a, subd. (a)) and dissuading a witness by threat of force (Pen. Code, § 136.1, subd. (c)(1)).  The trial court sentenced defendant to five years in prison.  We agree with defendant's contention that the trial court lacked authority to order that he be tested for acquired immune deficiency syndrome (AIDS).  Thus, the abstract of judgment and the minute order should be modified to strike this requirement.  As modified, the judgment is affirmed.

## I.  Statement of the Case

In April 2012, the Monterey County District Attorney charged defendant with seven counts of sexual intercourse with a child under 10 years of age (Pen. Code, § 288.7, subd. (a)) and seven counts of forcible lewd acts upon a child (Pen. Code, § 288,

subd. (b)(1)).  The information also alleged that the lewd acts constituted substantial sexual conduct with a child (Pen. Code, § 1203.066, subd. (a)(8)) and that defendant had served two prior prison terms (Pen. Code, § 667.5, subd. (b)).

A jury trial began on August 27, 2012.  On September 6, 2012, the parties reached a plea agreement.  The information was amended, and defendant pleaded no contest to willful child endangerment (Pen. Code, § 273a, subd. (a)) and dissuading a witness by threat of force (Pen. Code, § 136.1, subd. (c)(1)).  The remaining charges and allegations were dismissed.

On October 9, 2012, the trial court sentenced defendant to five years in prison pursuant to the plea agreement.  The trial court also ordered defendant "to complete an AIDS test pursuant to 1202.1(6)(a)(iii)."  Defendant then filed a timely notice of appeal.

On March 12, 2013, appellate counsel requested that the trial court modify the abstract of judgment to correct the calculation of credits and to reflect the trial court's oral pronouncement that it imposed a one-year consecutive sentence for the dissuading a witness conviction.  Appellate counsel also requested that the AIDS testing order be stricken.  On March 19, 2013, the trial court corrected the calculation of credits and the sentencing error in the abstract of judgment.  The trial court also unchecked the box on the abstract of judgment ordering AIDS testing.  However, on the same day, the trial court corrected the abstraction of judgment and the minute order for October 9, 2012, corrected the calculation of credits and the sentencing error, and ordered defendant to complete an AIDS test.

## II. Statement of Facts

At the preliminary hearing, Detective Dale Fors testified that on November 2, 2011, he interviewed seven-year-old Jane Doe.  Defendant was Jane Doe's mother's boyfriend and lived with Jane Doe and her family.  Jane Doe told Fors that defendant had "put his private part in her private part" on approximately eight occasions

2

in the preceding two months.  She also said that her "private area" was "very wet" after one or more of these incidents.  A medical examiner told Fors that there was "blunt trauma to the vaginal area, as well as vaginal tearing on the walls of the vagina."

At trial, Jane Doe was unable to remember some of her statements to Fors.  However, she confirmed that defendant "put his private part inside of mine" on multiple occasions and that it hurt her.

Jane Doe's grandmother testified that on November 2, 2011, she observed Jane Doe as she was dressing and noticed that her vagina was enlarged and red.  Jane Doe told her grandmother that defendant had sexually assaulted her.  Jane Doe's aunt also looked at Jane Doe's vagina and saw that it was "really swollen."  Jane Doe also told her aunt that defendant sexually assaulted her.

### III.    Discussion

Defendant contends that the trial court lacked authority to order AIDS testing for him.

As this court recognized in *People v. Guardado* (1995) 40 Cal.App.4th 757 (*Guardado*) superseded by statute on other grounds, "[i]nvoluntary AIDS or human immunodeficiency virus (HIV) testing is strictly limited by statute."  (*Id.* at p. 763.)

Penal Code section 1202.1, subdivision (a) requires the court to order designated persons "to submit to a blood or oral mucosal transudate saliva test for evidence of antibodies to the probable causative agent of acquired immune deficiency syndrome (AIDS) within 180 days of the date of conviction."  Among those required to submit to an AIDS test are those persons convicted of lewd conduct of a child in violation of Penal Code section 288, provided that "the court finds that there is probable cause to believe that blood, semen, or any other bodily fluid capable of transmitting HIV [human immunodeficiency virus] has been transferred the defendant to the victim."  (Pen. Code,

3

§ 1202.1, subd. (e)(6)(A)(iii).)  Here, though defendant was charged with lewd or lascivious conduct with a child, he was not convicted of this offense.[1]

Conceding that Penal Code section 1202.1 does not apply in this case, the Attorney General contends that the matter should be remanded to permit Jane Doe to request that defendant be tested for HIV pursuant to Health and Safety Code section 121055.[2]

Section 121055 states that "[a]ny defendant charged in any criminal complaint" with an enumerated sexual offense, including Penal Code section 288, "shall be subject to an order of a court having jurisdiction of the complaint . . . requiring testing as provided in this chapter.  [¶]  If an alleged victim listed in the complaint . . . makes a written request for testing under this section, the prosecuting attorney, or the alleged victim may petition the court for an order authorized under this section."  Upon receiving this request, the trial court shall conduct a hearing to determine whether probable cause exists to believe the defendant exchanged HIV-transmitting fluids with the alleged victim. (§ 121055.)

*Guardado*, *supra*, 40 Cal.App.4th 757 is instructive.  In *Guardado*, the trial court ordered an unauthorized AIDS test.  (*Id.* at p. 763.)  The Attorney General cited the predecessor to section 121055, former section 199.96, as authorizing involuntary AIDS testing and sought remand for the victim to submit a written request and the trial court to hold a hearing on the request.  (*Guardado*, at pp. 764-765.)  This court reasoned that "[t]he statute's explicit requirement that there be a written request by the victim is obviously intended to protect *the victim's* privacy.  Because testing may reveal that the defendant has AIDS, such testing may also reveal that the victim has been exposed to and

---

[1]     A defendant can "appeal an HIV testing order, without prior objection, on the ground he had not been convicted of an enumerated offense. [Citations.]" (*People v. Butler* (2003) 31 Cal.4th 1119, 1126 (*Butler*).)

[2]     All further statutory references are to the Health and Safety Code unless otherwise stated.

may also have AIDS. The various statutes governing AIDS testing are designed to protect the privacy of those who may be infected with AIDS. . . . [S]ection 199.96 explicitly requires a written request of the victim before an AIDS testing order can be obtained. The prosecutor is not authorized to petition for AIDS testing in the absence of a written request by the victim. [The 12-year-old victim, who was learning disabled,] submitted no request and there is no evidence that she expressed any desire that defendant be tested. The record before us does not contain any evidence from which we can infer that [the victim] was *incapable* of making such a request. Because it would subvert the purpose of the statute and invade the victim's privacy if we were to ignore the statute's explicit requirements, we refuse to hold that a request of the victim is unnecessary." (*Id.* at p. 764.) Thus, *Guardado* held that "where the victim has neither requested that the defendant be tested nor expressed any desire to make such a request, we do not believe that . . . section 199.96 authorizes an appellate court to create jurisdiction in the superior court after an appeal solely for the purpose of allowing the victim the opportunity to make the written request which the statute requires." (*Id.* at p. 765.)

Here, defendant was charged with offenses listed in section 121055 from April 5, 2012 until September 6, 2012. At no time during this period did Jane Doe request that the trial court order AIDS testing for defendant under section 121055. Moreover, when defendant was sentenced in October 2012, he was no longer charged with any crime listed in section 121055. Since the trial court was not authorized to order AIDS testing pursuant to section 121055 at the sentencing hearing, we reject the Attorney General's contention that the matter should be remanded to permit Jane Doe to request that defendant be tested for HIV pursuant section 121055.

The Attorney General argues that *Guardado* is distinguishable. She first points out that *Guardado* was decided prior to *Butler*, *supra*, 31 Cal.4th 1119. In *Butler*, the defendant was convicted of lewd and lascivious acts (Pen. Code, § 288, subd. (a)).

5

(*Butler*, at p. 1124.) The trial court ordered AIDS testing for the defendant pursuant to Penal Code section 1202.1, but it failed to make the requisite probable cause finding. (*Butler*, at p. 1125.) Though the defendant did not object to the order requiring AIDS testing, *Butler* held that the defendant had not forfeited his appellate challenge to the sufficiency of the evidence to support the probable cause finding. (*Id.* at p. 1123.) Given the defendant's failure to object, *Butler* remanded the matter for a hearing to allow the prosecutor the opportunity to present additional evidence to support a probable cause finding. (*Id.* at p. 1129.) Unlike *Butler*, here, defendant was not convicted of any offense listed in Penal Code section 1202.1.

The Attorney General next points out that the issue of AIDS testing was first raised in *Guardado* at the sentencing hearing while the probation report in the present case recommended that defendant be subject to AIDS testing. Here, the probation report was filed 12 days before the sentencing hearing. As previously indicated, Jane Doe had five months in which to seek a preconviction HIV testing order. Thus, this distinction is not persuasive.

The Attorney General also argues that Jane Doe was subject to more dangerous conduct than the victim in *Guardado* and she "might not have understood the HIV testing statute." At issue, however, is whether there was statutory authorization for the trial court to require that defendant be tested for HIV pursuant to Penal Code section 1202.1 or section 121055.

The Attorney General's reliance on *People v. Green* (1996) 50 Cal.App.4th 1076 (*Green*) is misplaced. In *Green*, the trial court ordered AIDS testing for the defendant under Penal Code section 1202.1. (*Green*, at p. 1089.) However, the defendant had not been convicted of any of the offenses listed in Penal Code section 1202.1. (*Green*, at p. 1089.) *Green* reasoned: "[B]ecause the trial court made an order for AIDS testing of [the defendant], there was no reason for the prosecutor or [the victim] to petition the trial court for an order requiring Green to be tested for AIDS under . . . section 121055. Thus,

the record demonstrates an inferred reliance on the trial court's testing order. . . . [The victim's] right to test [the defendant] for AIDS should not be impaired merely because the trial court's initial order for such a test cannot be upheld under [Penal Code] section 1202.1." (*Green*, at p. 1091.) We do not find *Green's* reasoning persuasive. *Green* failed to note that the victim could have requested an AIDS test at any time after the complaint was filed and did not have to wait until the sentencing hearing. *Green* also fails to explain how section 121055 creates jurisdiction in the trial court long after the defendant's sentence was imposed.

## IV.  Disposition

The minute order and the abstract of judgment should be modified to strike the AIDS testing requirement. As modified, the judgment is affirmed.

_____
Mihara, J.

WE CONCUR:

_____
Premo, Acting P. J.

_____
Grover, J.

7